# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| OTTO CANDIES, LLC, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-02-260 PRW |
| | ) | [CCLD] |
| KPMG LLP, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: January 31, 2018
Decided: April 25, 2018

*Upon Defendants KPMG LLP, KPMG International Cooperative, and KPMG
Cárdenas Dosal, S.C.'s Motions to Dismiss,*
**DENIED**.

*Upon Plaintiff Otto Candies, LLC, et al.'s Motion Requesting Judicial Notice of
Defendant KPMG International's Press Releases,*
**DENIED**.

## MEMORANDUM OPINION AND ORDER

David E. Ross, Esquire, Ross Aronstrom & Moritz LLP, Wilmington, Delaware,
Terry L. Wit, Esquire (*pro hac vice*), A. William Urquhart, Esquire (*pro hac vice*),
Derek L. Shaffer, Esquire (*pro hac vice*), Quinn Emanuel Urquhart & Sullivan, LLP,
San Francisco, California, Attorneys for Plaintiffs.

Timothy Jay Houseal, Esquire, Jennifer M. Kinkus, Esquire, William E. Gamgort,
Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware, John K.
Villa, Esquire (*pro hac vice*), Ana C. Reyes, Esquire (*pro hac vice*), Williams &
Connolly LLP, Washington, D.C., Attorneys for Defendant KPMG International
Cooperative.

Todd C. Schlitz, Esquire, Drinker Biddle & Reath LLP, Wilmington, Delaware,
Robert A. Scher, Esquire (*pro hac vice*), Jonathan H. Friedman, Esquire (*pro hac*

*vice*), Foley & Lardner LLP, New York, NY, Christopher M. Cutler, Esquire, Lori A. Rubin, Esquire, Foley & Lardner LLP, Washington, D.C., Attorneys for Defendant KPMG LLP.

Kevin R. Shannon, Esquire, Matthew F. Davis, Esquire, Christopher N. Kelly, Esquire, Potter Anderson & Corroon LLP, Wilmington, Delaware, Jack B. Jacobs, Esquire, Sidley Austin LLP, Wilmington, Delaware, Michael C. Kelley, Esquire (*pro hac vice*), Jose F. Sanchez, Esquire (*pro hac vice*), Sidley Austin LLP, Los Angeles, CA, Gregory G. Ballard, Esquire, Sidley Austin LLP, New York, NY, Attorneys for Defendant KPMG Cárdenas Dosal, S.C.

**WALLACE, J.**

## I. INTRODUCTION

Defendants KPMG International Cooperative ("KPMG International"), KPMG LLP ("KPMG US"), and KPMG Cárdenas Dosal, S.C. ("KPMG Mexico") each move to dismiss Plaintiffs' suit, which arises from alleged fraud carried out by Oceanografía S.A. de C.V. ("Oceanografía"), an offshore oil services company, Citigroup Inc. ("Citigroup"), and Citigroup's Mexican subsidiaries, Grupo Financiero Banamex S.A. de C.V. and Banco Nacional de México, S.A. ("Banamex").[1] Plaintiffs allege that Citigroup and Banamex provided Oceanografía with multimillion dollar cash advances on invoices later discovered to be forged.[2] Plaintiffs further allege that had the defendant auditing firms "disclosed the systemic internal control deficiencies and failures at Oceanografía, Banamex and Citigroup, which allowed the fraud to fester and grow, Plaintiffs' damages would have been prevented or substantially reduced."[3]

## II. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs in this action are creditors of Oceanografía and include: (i) shipping companies that provided services or vessels to Oceanografía;[4]

---

[1]     Compl. ¶ 1.

[2]     Compl. ¶ 2.

[3]     Compl. ¶ 8.

[4]     The shipping companies are Otto Candies, LLC ("Otto Candies"), a Louisiana-based company, and Otto Candies's Mexican affiliate, Candies Mexican Investments S. de R.L. de C.V.;

-3-

(ii) holders of bonds issued by Oceanografía;[5] and (iii) a bank that had loaned funds to Oceanografía (collectively, "Plaintiffs").[6]

Defendants are KPMG International, a Swiss-incorporated cooperative;[7] KPMG US, a member firm of KPMG International incorporated in Delaware;[8] and KPMG Mexico, another member firm of KPMG International, incorporated in Mexico (collectively, "KPMG Defendants").[9]

The cash advance program began in 2008, when Citigroup opened a credit line for Oceanografía.[10] Oceanografía increasingly utilized the credit line, and by

Coastline Maritime Pte., Ltd. ("Coastline"), a Singapore company, and its subsidiaries, Marfield Ltd. Inc. and Shanara Maritime International, S.A., both of which are Panamanian companies; Gulf Investments and Services Ltd., a United Arab Emirates company; Blue Marine Technology Group and its affiliates Calvi Shipping C.V., a Dutch company, and Blue Marine Shipping II, S.A. de C.V. and Ocean Mexicana, S.A. de C.V., Mexican companies; Halani International Ltd., a St. Vincent & Grenadines company; and Shipyard De Hoop B.V. and its subsidiary Hoop Lobith International B.V., incorporated in The Netherlands. Compl. ¶¶ 50–105.

[5] The bondholders are Waypoint Asset Management LLC, incorporated in Delaware; Ashmore Investment Advisors Limited and Ashmore Investment Management Limited, incorporated in England; EIG Management Company, LLC, a Delaware company; ICE Canyon LLC, a Delaware company; Larraín Vial S.A. Sociedad Administradora de Fondos de Inversión, a Peruvian company; Moneda International Inc., a British Virgin Islands company; Moneda S.A. Administradora General de Fondos, a Chilean company; Nordic Trustee, ASA; and additional bondholders, unnamed in the Complaint but referred to collectively as "Goliath Bondholders." Compl. ¶¶ 115–184.

[6] The bank is Coöperatieve Rabobank U.A., a Dutch company. Compl. ¶¶ 185–194.

[7] Compl. ¶ 197.

[8] Compl. ¶ 195.

[9] Compl. ¶ 198.

[10] Compl. ¶ 13.

2014, the cash advance limits on the line had grown by approximately 500%.[11] The advances were secured by invoices reflecting services provided to Pemex, Mexico's oil and gas company. Plaintiffs allege that these invoices were forged "from at least August 2013 to February 2014," but that "[o]n information and belief, even before September 2013, starting as early as 2010, Oceanografía submitted invoices with false signatures of Pemex employees to Citigroup to obtain cash advances from Citigroup."[12]

The forgeries were reported in February 2014.[13] The Mexican government placed Oceanografía in receivership following the discovery.[14] Criminal proceedings were brought against Oceanografía and Citigroup in Mexico, and by the United States Department of Justice and the Securities and Exchange Commission against Citigroup here in the United States.[15]

KPMG Mexico began auditing Oceanografía in 2010 and served as its independent auditor until 2014.[16] KPMG Mexico has additionally served as

---

[11]   Compl. ¶ 14.

[12]   Compl. ¶¶ 260–61.

[13]   Compl. ¶ 6.

[14]   Compl. ¶ 32.

[15]   Compl. ¶¶ 32–33.

[16]   Compl. ¶ 199.

independent auditor to Banamex since 2005.[17] KPMG US has served as Citigroup's independent auditor since 2010.[18]

Plaintiffs brought suit in February 2016, alleging three counts of negligent misrepresentation claiming that KPMG Mexico and KPMG US negligently misrepresented their audit opinions for Oceanografía, Citigroup and Banamex, and that KPMG International is vicariously liable for those failures. Plaintiffs say that the firms' failure to detect and prevent Oceanografía's fraudulent scheme has cost them $1.1 billion in damages.

KPMG Defendants moved immediately for protective orders on Plaintiffs' jurisdictional discovery requests.[19] This Court granted the orders in part, and appointed a Special Master to resolve the parties' disputes.[20] The Court later adopted the Special Master's report.[21]

KPMG Defendants now move to dismiss Plaintiffs' suit on the following grounds: lack of jurisdiction; *forum non conveniens*; the statute of limitations; and failure to state a claim.

---

[17]     Compl. ¶ 200.

[18]     Compl. ¶ 196.

[19]     *Otto Candies LLC v. KPMG LLP*, 2017 WL 3175619, at *1 (Del. Super. Ct. July 26, 2017).

[20]     *Id.*

[21]     *Id.*

## III. STANDARD OF REVIEW

Where a Superior Court Civil Rule 12(b)(1) argument is raised alongside a 12(b)(6) claim in a motion to dismiss, the Court must first consider whether the claims are properly analyzed under 12(b)(1) or 12(b)(6). "Although both defenses may result in dismissal, whether a motion to dismiss is based upon subject matter jurisdiction or upon failure to state a claim is a question having important implications."[22] The burden of establishing the Court's subject matter jurisdiction lies with the party seeking the Court's intervention.[23]

When considering a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6)—that is, for failure to adequately state a claim—the Court will:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) [not dismiss the claims] unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[24]

---

[22]     *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1284 (Del. 2007).

[23]     *Ropp v. King*, 2007 WL 2198771, at *2 (Del. Ch. July 25, 2007).

[24]     *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011).

The Court must accept as true all well-pleaded allegations.[25] And every reasonable factual inference will be drawn in the non-moving party's favor.[26] But the Court will "ignore conclusory allegations that lack specific supporting factual allegations."[27]

"Dismissal is warranted where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[28] But, if the Court engages the standards described and finds the claimant may recover, the Court must deny the motion to dismiss.[29]

## IV.   DISCUSSION

### A. THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THIS CASE.

"Whenever a question of subject matter jurisdiction is brought to the attention of the trial court, the issue must be decided before any further action is taken, and

---

[25]   *Cent. Mortg. Co.*, 27 A.3d at 535.

[26]   *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson, et al.*, 2009 WL 597268, at *2 (Del. Super. Ct. Mar. 9, 2009) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).

[27]   *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct. Aug. 15, 2011).

[28]   *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Ct. Aug. 20, 2004).

[29]   *Spence v. Funk & Commc'n Consultants, Inc.*, 396 A.2d 967, 968 (Del. 1978).

the issue of jurisdiction must be disposed of regardless of the form of motion."[30] The Court must act under Superior Court Civil Rule 12(b)(1) when it appears from the record that the Court does not have jurisdiction over the claim.[31] "Notably, '[t]he burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention.'"[32]

KPMG US and KPMG International first argue that this Court does not have subject matter jurisdiction over the Complaint, because Plaintiffs raise only claims of negligent misrepresentation.[33] Plaintiffs counter that this Court has exercised jurisdiction over negligent misrepresentation claims where "plaintiffs alleged negligence of an accounting firm to a third party 'with whom there was no privity of contract' and where 'the only suffered harm was economic in nature.'"[34]

---

[30] *Texcel v. Commercial Fiberglass*, 1987 WL 19717, at *2 (Del. Super. Ct. Nov. 3, 1987).

[31] *Airbase Carpet Mart, Inc. v. AYA Assocs., Inc.*, 2015 WL 9302894, at *2 (Del. Super. Ct. Dec. 15, 2015), *aff'd*, 148 A.3d 257 (Del. 2016).

[32] *Id.* (quoting *Ropp*, 2007 WL 2198771, at *2).

[33] KPMG Int'l Coop.'s Op. Br. in Supp. of its Mot. to Dismiss, *Otto Candies, et al. v. KPMG LLP, et al.*, C.A. No. N16C-02-260-PRW [CCLD], at 10 (Del. Super. Ct. June 27, 2016) (hereinafter "KPMG Int'l's Op. Br."); KPMG LLP's Op. Br. in Supp. of its Mot. to Dismiss, *Otto Candies, et al. v. KPMG LLP, et al.*, C.A. No. N16C-02-260-PRW [CCLD], at 10 (Del. Super. Ct. June 27, 2016) (hereinafter "KPMG US's Op. Br").

[34] Pls.' Opp. to Defs.' Mot. to Dismiss, *Otto Candies, et al. v. KPMG LLP, et al.*, C.A. No. N16C-02-260-PRW [CCLD], at 16 (Del. Super. Ct. Sept. 13, 2017) (hereinafter "Pls.' Opp.").

Plaintiffs point to *Carello v. PricewaterhouseCoopers LLP*.[35] In *Carello*, shareholders of a company filed counts of negligent misrepresentation in this Court claiming they had relied on a public accountant's assessment of another company when deciding to sell their business.[36] Plaintiffs assert that "[f]or the same reasons the *Carello* court had subject matter jurisdiction, this Court does here as well." But they ignore the fact that *Carello* never addresses the issue of subject matter jurisdiction. A careful reading of *Carello* reveals that no party raised the jurisdiction issue and the Court was simply never called upon to address it. So, far from issuing some pronouncement on this Court's subject matter jurisdiction over negligent misrepresentation claims, *Carello* is, instead, silent on the matter.[37]

When this Court has been called to speak thereon it has held that "[t]he Court of Chancery has exclusive jurisdiction over claims of equitable fraud, which is also known as negligent or innocent misrepresentation. To the extent that Plaintiffs' claims do not have any foundation of Defendants' knowledge of falsity, they cannot be heard in this Court."[38]

---

[35]     *Carello v. PricewaterhouseCoopers LLP*, 2002 WL 1454111, at *1 (Del. Super. Ct. July 3, 2002).

[36]     *Id.*

[37]     *See id.*

[38]     *Johnson v. Preferred Prof'l Ins. Co.*, 91 A.3d 994, 1017 (Del. Super. Ct. 2014); *see also Mark Fox Grp., Inc. v. E.I. duPont de Nemours & Co.*, 2003 WL 21524886, at *5 (Del. Ch. July 2, 2003) ("In addition to developing the concept of claims for negligent or innocent

-10-

And when the Court has had to squarely address the issue, it has repeatedly observed that the only true exception to the Court of Chancery's exclusive jurisdiction occurs when a claim is raised under the Consumer Frauds Act.[39] It might be said that this Court has previously observed a second "exception" to this jurisdictional rule: where the Court examined a claim's "substance" and found that a plaintiff ultimately "pled simple negligence," rather than negligent misrepresentation.[40] Yet, more recently, this Court has abandoned even that distinction.[41] In *WyPie Investments, LLC v. Homschek*, the Court held that "the negligent providing of false information relied upon by the claiming party is a matter for the Court of Chancery and not the Superior Court."[42]

---

misrepresentation, the Court of Chancery has retained exclusive, rather than concurrent, jurisdiction over such causes of action."). Notably, *Carello* was decided pre-*Mark Fox Grp.*

[39] *See Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *11 (Del. Super. Ct. Feb. 15, 2013); *Farm Family Cas. Co. v. Cumberland Ins. Co.*, 2013 WL 5488656, at *4 (Del. Super. Ct. Oct. 2, 2013); *Atwell v. RHIS, Inc.*, 2006 WL 2686532, at *1 (Del. Super. Ct. Aug. 18, 2006). *Carello* might be read to have observed this second "exception." *Carello*, 2002 WL 1454111, at *1 n.2 (noting that amended complaint "avers only negligence.").

[40] *Van Lake*, 2013 WL 1087583, at *12. *See also Smith v. Peninsula Adjusting Co.*, 2011 WL 2791252, at *4 (Del. Super. Ct. June 16, 2011).

[41] *WyPie Invs., LLC, v. Homschek*, 2018 WL 1581981, at *16 (Del. Super. Ct. Mar. 28, 2018) (finding that "[t]he elements of duty of care and the exercise of reasonable care are common in both [claims of negligence and claims of negligent misrepresentation] and seldom does the Court fail to see an allegation of justifiable reliance regardless of how the complaint is made.").

[42] *WyPie*, 2018 WL 1581981, at *16.

Therefore, outside of the narrow exception for claims raised under the Consumer Fraud Act (which is not invoked here), the Court of Chancery has exclusive jurisdiction over claims of negligent misrepresentation. But though this Court lacks subject matter jurisdiction to hear the case, KPMG Defendants' Motions to Dismiss are **DENIED** as to dismissal of the suit; Plaintiffs may seek transfer to the appropriate venue.[43]

## B. THE MOTION REQUESTING JUDICIAL NOTICE OF DEFENDANT KPMG INTERNATIONAL'S PRESS RELEASES IS DENIED AS MOOT.

Plaintiffs request judicial notice of two press releases issued by KPMG International regarding an investigation into a South African KPMG firm following allegations of misconduct, arguing that the press releases "would be relevant to a proposed amended complaint should Defendants' motions to dismiss not be denied and Plaintiffs be granted leave to replead."[44]

Because this Court has granted KPMG Defendants' Motions to Dismiss, the issue is moot. Plaintiffs' Motion Requesting Judicial Notice is therefore **DENIED**.

---

[43] *See* DEL. CODE ANN. tit. 10, § 1902 (2018) ("No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter . . . . Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court.").

[44] Pls.' Mot. at ¶ 1.

## V. CONCLUSION

Because Plaintiffs have failed to carry their burden to prove that this Court has subject matter jurisdiction to hear their claims on the merits, this Court need not consider the further bases Defendants urge for dismissal.[45] The Motions to Dismiss are **DENIED** insofar as they seek outright dismissal of this suit. Plaintiffs may seek transfer to the appropriate venue pursuant to 10 *Del. C.* § 1902, or elect to have this Court enter an order of dismissal without prejudice.[46] Plaintiffs' counsel are directed to submit an order on notice within 10 days.

**IT IS SO ORDERED.**

**Paul R. Wallace, Judge**

---

[45] *Thompson v. Lynch*, 990 A.2d 432, 434 (Del. 2010) ("If a court lacks subject matter jurisdiction, its decision is a nullity.").

[46] *See Mark Fox Grp.*, 2003 WL 21524886, at *7.